**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **KAREEM BRUCE,** )<br>)<br>**PLAINTIFF,** )<br>)<br>)<br>**V.** )<br>)<br>**SOUTHEAST CONNECTIONS,** )<br>**LLC.** )<br>)<br>**DEFENDANT.** ) | **CIVIL ACTION**<br>**FILE NO.**<br>**Jury Trial Demanded** |

**PLAINTIFF KAREEM BRUCE'S COMPLAINT**

COMES NOW, Plaintiff Kareem Bruce who files his Complaint against Defendant Southeast Connections, LLC. (hereafter "Defendant"), and alleges as follows:

**I.   Nature of Complaint**

1.

Plaintiff seeks to recover unpaid work time, unpaid overtime, liquidated damages and attorney's fees and costs for all hours worked in excess of 40 hours in a single workweek which lack of payments are alleged violations of the Fair Labor Standards Act, 29 U.S.C. Secs. 203, et. seq. (hereafter "FLSA").

## II.     JURISDICTION AND VENUE

2.

This Court has original jurisdiction over cases brought to recover unpaid overtime pursuant to the FLSA which provides, inter alia, that "[a]n action to recover ... may be maintained ... in any Federal or State court of competent jurisdiction," 29 U. S. C. §216(b).

3.

Plaintiff resides at 60 Winchester Drive, Covington, Georgia 30016, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

4.

Plaintiff has been employed by Defendant from approximately February 10, 2020 to June 28, 2020, at its facility at 2720 Dogwood Drive, Conyers, Georgia 30013 within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

5.

Plaintiff alleges violations of the FLSA in that (1) he was not paid for all time worked, (2) he was not paid overtime for work performed in excess of 40 hours in a single work week during parts of his employment, and alleges that these

violations of the FLSA occurred at 2720 Dogwood Drive, Conyers, Georgia 30013, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

6.

A substantial part of the alleged actions and omissions that give rise to Plaintiff's FLSA claims against Defendant are alleged to have occurred within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division, such that venue in this Court is proper pursuant to 28 U.S.C. Sec. 1367.

### III. PARTIES AND FACTS

7.

Plaintiff was employed by Defendant from approximately February 10, 2020 until June 28, 2020, within the meaning of the FLSA, 29 U.S.C. sec. 203(e).

8.

During the dates alleged in paragraph seven of this Complaint, Plaintiff was an employee of Defendant, who was an employer engaged in interstate commerce within the meaning of 29 U.S.C. Sec. 207 (a).

9.

Plaintiff was paid an hourly wage or $14.00 per hour as a laborer.

10.

During his employment, Plaintiff was entitled to minimum wage for all hours worked.

11.

During his employment, Plaintiff was entitled to overtime pay at a rate of 1 ½ times his Regular Rate of pay for hours in excess of 40 hours in a single work week.

12.

Plaintiff was required to report to work initially each work day at Defendant's location at 2720 Dogwood Drive, Conyers, Georgia 30013.

13.

Plaintiff's normal work day was from 7:00 a.m. to 4:00 or 5:00p.m. each day.

14.

After reporting for work at the beginning of each day, Plaintiff was assigned to a work crew that was transported in Defendant's vehicle to remote job sites each day.

15.

After reporting for work at the beginning of each day, Plaintiff was assigned to a work crew that was transported to remote job sites each day, and Plaintiff was paid for the travel time between the initial reporting facility at 2720 Dogwood Drive, Conyers, Georgia 30013 and the initial remote location for the day.

16.

If during the work day hours normally between 7:00 a.m. and 4:00 or 5:00 p.m. Plaintiff worked at more than one remote site, Plaintiff was transported between remote work sites in a Defendant vehicle and paid for such travel time.

17.

Normal work days for Plaintiff included the time reporting at 2720 Dogwood Drive, Conyers, Georgia 30013, until the foreman over Plaintiff's work crew suspended work for the day at 4:00 or 5:00 p.m. at the remote job site.

18.

Plaintiff and other workers were transported at the end of each day in a Defendant vehicle from the remote work site back to Defendant's facility at 2720 Dogwood Drive, Conyers, Georgia 30013.

19.

Defendant did not pay Plaintiff and other workers for the daily travel time between the remote job site back to 2720 Dogwood Drive, Conyers, Georgia 30013.

20.

Defendant would pay the driver of Defendant vehicle transporting the crew with Plaintiff between the remote job site back to 2720 Dogwood Drive, Conyers, Georgia 30013.

21.

The time incurred by Plaintiff and other workers when transported at the end of each day in a Defendant vehicle from the remote work site back to Defendant's facility at 2720 Dogwood Drive, Conyers, Georgia 30013, is work time that should have been paid to Plaintiff under the FLSA.

22.

On some occasions after Plaintiff's arrival with other workers in Defendant vehicle at 2720 Dogwood Drive, Conyers, Georgia 30013, Plaintiff would perform additional work unloading and dumping trash from Defendant vehicle, and/or washing Defendant vehicle that had transported Plaintiff.

23.

Plaintiff was not paid for some or all of the time Plaintiff performed the work described in the preceding paragraph of Plaintiff's Complaint.

24.

Plaintiff did not punch or swipe a time clock or sign in or out at the beginning or end of each day, or at the beginning or end of any lunch breaks while employed by Defendant.

25.

On information and belief, Plaintiff's foreman reported Plaintiff's work time to a supervisor who then approved or adjusted the reported work time on which Plaintiff was paid.

26.

On some work days, Plaintiff and other members of his crew worked through lunch and did not take a meal break.

27.

Plaintiff's work time automatically and routinely did not pay him for a thirty-minute meal break.

28.

On those work days when Plaintiff and other members of his crew worked through lunch and did not take a meal break, Plaintiff was not paid for all time worked as required by the FLSA.

29.

Plaintiff's work time automatically and routinely reported that Plaintiff began his work day at 7:00 a.m.

30.

Plaintiff's work time automatically and routinely reported that Plaintiff began his work day at 7:00 a.m. even on days when Plaintiff was instructed by his foreman or a supervisor to report to work earlier for that day.

31.

Plaintiff's work time automatically and routinely reported that Plaintiff began his work day at 7:00 a.m. even on days when Plaintiff was instructed by his foreman or a supervisor to report to work earlier for that day, even when Defendant knew or should have known that Plaintiff was working prior to 7:00 a.m.

32.

Defendant did not keep accurate records of all time worked by Plaintiff.

33.

Defendant and Plaintiff entered a binding contract where Defendant agreed to pay Plaintiff for all time worked at an agreed hourly rate consistent with FLSA regulations regarding when meal and break periods and travel time are not paid time.  On some or all of these days when Plaintiff continued or resumed work during his 30-minute lunch period, and when Plaintiff's work before 7:00 a.m. or after 4:00 p.m., and for travel time back to; such unpaid work was known or should have been known by supervisory level employees of Defendant. Plaintiff was not paid for all time worked at the agreed upon rate of hourly compensation with Defendant.

## COUNT I
## VIOLATIONS OF THE FLSA

34.

Plaintiff incorporates be reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

35.

Defendant's failure to pay Plaintiff for time worked during lunch periods where Plaintiff did not have an uninterrupted 30-minute period where no work was performed, and pre- and post-shift work including travel time back to 2720

Dogwood Drive, Conyers, Georgia 30013 from a remote worksite, constitutes a violation of the minimum wage provisions of the FLSA.

36.

Defendant failure to pay Plaintiff for all time worked, and its failure to pay Plaintiff for all time worked in excess of forty-hours in a single work week at the proper overtime rate, constitutes a violation of the overtime provisions of the FLSA.

37.

Defendant was aware of its duty to comply with the FLSA during the times of Plaintiff's employment with Defendant.

38.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statue of limitations to be applied to Defendant's violations is a three-year period.

## COUNT II
## BREACH OF CONTRACT

39.

Plaintiff incorporates by reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

40.

Defendant's failure to pay Plaintiff for time worked during lunch periods where Plaintiff did not have an uninterrupted 30-minute period where no work was performed, and pre- and post-shift work including travel time back to 2720 Dogwood Drive, Conyers, Georgia 30013 from a remote worksite, constitutes a breach of contract by Defendant of an agreement to pay Plaintiff for all time worked at an agreed hourly rate consistent with FLSA regulations.

41.

Plaintiff is entitled to recover from Defendant breach of contract damages at his agreed hourly rate for all unpaid time that violate FLSA regulations.

## PRAYER FOR RELIEF

42.

Wherefore, Plaintiff Kareem Bruce requests a jury trial and damages in the form of (1) an award of award of back pay for interrupted lunch periods for Defendant's breach of contract, and (2) for violations of the FLSA: unpaid work

time in violation of the minimum wage, unpaid overtime, an award of liquidated damages in an equal amount, and an award of attorney's fees and costs.

Submitted this _5th_ day of __August__, 2020.

*s/ Donald W. Benson*
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com

***COUNSEL FOR PLAINTIFF***

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1, the undersigned attorney certifies that this motion was prepared with Time New Roman (14 point), one of the fonts and point selections approved by the Court in Local Rule 5.1C.

*s/ Donald W. Benson*
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com

*COUNSEL FOR PLAINTIFF*